FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 SEP 25 A 11: 23

CLERK'S OFFICE

**UNITED STATES DISTRICT COURT
FOR THE MARYLAND DISTRICT**

MICHAEL ALLAN MCNEIL *

Appellant * Case No. 1:13-cv-02788-WDQ

v. *

STEPHEN A. DRAZIN *

Appellee *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**REQUEST FOR CERTIFICATION**

NOW COMES Michael A. McNeil, the Appellant/Debtor pursuant to Federal Rules of Bankruptcy Procedure (FRBP) 8001(f), 28 USC § 158(d)(2) and request that this court certify the appeal noted on August 13, 2013 to the 4th Circuit Court of Appeals for them to here the matter for the following reasons:

**FACTS**

1. On January 4, 2013, the Plaintiff files an amended complaint against Appellant asking this court to determine the extent of a lien, priority of a debt, and the dischargeablity of a debt in accordance with Rule 7001 (Adv. Pro. No. 12-0793-DER/ECF 14).
2. On July 31, 2013 in McNeil v. Drazin, the trial granted the Appellant's motion to dismiss. (Adv. Pro. No. 12-0793-DER/ECF 28).
3. On August 13, 2013 the Plaintiff in McNeil v. Drazin noted an appeal concerning this

courts order dismissing his complaint. (Adv. Pro. No. 12-0793-DER/ECF 30).

4. The following is the single issue on appeal before this court:

   *Did the trial court error when it Dismissed counts two and three of the Plaintiff's complaint concerning the discharchabilty and priority of a debt for failure to state a claim, since it reasoned that nothing precluded application of the doctrines of res judicata or collateral estoppel at this stage in an adversary proceeding with respect to matters already litigated between these parties in the main bankruptcy where the dischargeablity of a debt was determined even though the FRBP Rule 7001 mandates that dischargeabilty, priority, and extent of a lean of a debt of a debt can only be determined via an adversary proceeding?*

5. None of the case law cited in the trial court's order to dismiss the Appellant's claims makes any reference FRBP Rule 7001 mandates that dischargablity, priority or extent of a lean of a debt can only be determined via an adversary proceeding.

6. There is no Fourth Circuit Ruling or Supreme Court Ruling concerning the interpretation of FRBP Rule 7001 that mandates that the dischargablity, priority or extent of a lean of a debt can only be determined via an adversary proceeding.

7. Attached to this request is a copy of the trial court's order dismissing the Appellant's claims. (Exhibit A)

8. Attached is a copy of the trial court's order denying certification. (Exhibit B)

ARGUMENT

9. It is proper for he Appellant to request certification be filed in this court since 28 U.S.C. §158(d)(2)(A)(i) –(iii) state that a request shall be filed in the court in which a matter is pending and for purposes of 28 U.S.C. §158(d)(2) and this Rule 8001, a matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. §158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. §158(a)(3). A matter is pending in a district court or bankruptcy appellate panel after the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. §158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. §158(a)(3).

10. 28 USC § 158(d)(2)(A) states the following:

> The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—
>
> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

11. 28 USC § 158(d)(2)(B) states the following:

If the bankruptcy court, the district court, or the bankruptcy appellate panel—

> (i) on its own motion or on the request of a party, determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists; or (ii) receives a request made by a majority of the appellants and a majority of appellees (if any) to make the certification described in subparagraph (A); then the bankruptcy court, the district court, or the bankruptcy appellate panel shall make the certification described in subparagraph.(A)

12. As stated in earlier there is no 4th Circuit or Supreme Court law concerning Rule 7001 requirement that a priority, extent of a lien, or dischargeablity can only be determined in an Adversary Proceeding. Therefore, the question be posed by the Appellant here would be a case of first impression for the 4th Circuit and full fills the requirement of 28 USC § 158(d)(2)(B) that a circumstance specified in 28 USC § 158(d)(2)(A)(i-iii) exist.

13. This same same request was before the trial court where it agreed with the Appellant as to the three determining conditions for certifications in that if any one of the four requirement that the trial court should certify the appeal in that it stated the following:

> This court should make the requested certification pursuant to 28 U.S.C.§ 158(d)(2)(A)(i-iii) if the appeal presents any one of following four circumstances: (1) the appeal involves a question of law as to which there is no controlling precedent, (2) the appeal involves a matter of public importance, (3) the appeal involves a question of law that requires resolution of conflicting decisions, or (4) an immediate appeal may materially advance progress of the case or proceeding.[1] I have considered each of the four circumstances specified in the statute as well as the various arguments made by Michael McNeil in support of his request for

> certification of this appeal, and I find that the appeal does not meet any of the four statutory circumstances justifying certification. Thus, the Request for Certification must be denied. (Case No. 12-0783-DER/Doc #41)

14. It should be noted here the trial court erred twice. First it erred in using discretionary language "This court should make requested certification". The language in 28 USC § 158(d)(2)(B) clearly is not discretionary in that it says "then the bankruptcy court, the district court, or the bankruptcy appellate panel <u>shall make the certification</u> described in subparagraph.(A)". Congress by using the phrase "shall make the certification" clearly has made certifications non discretionary and the trial court's opinion is flawed in that it used the word "should" which is discretionary. Second, the trial court ruling is error in that the the Appellant's clearly stated in his motions that there is no 4th Circuit controlling case law concerning the issue on appeal the trial court neglected to address that one and only salient point and just simply stated "I have considered each of the four circumstances specified in the statute as well as the various arguments made by Michael McNeil in support of his request for certification of this appeal, and I find that the appeal does not meet any of the four statutory circumstances justifying certification."
At the very least, the trial court in its opinion should have addressed the matter of no controlling 4th Circuit Law and cited case law that address what the Appellant alleges is quesition that has no 4th Circuit controlling law.

15. Again due to the fact that a circumstance specified in 28 USC § 158(d)(A)(i-iii) exist this court is required by 28 USC § 158(d)(B) to certify the Appellant's appeal to the 4th Circuit.

**WHEREFORE,** the Appellant asks that this court certify the Appellant's appeal to the 4th Circuit so that it may hear the matter concerning the Appellant's question of law were there is currently no 4th Circuit or Supreme Court controlling law.

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
410-505-8617
mamcneil@gmail.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 25th day of September, 2013 I mailed a copy of the of the aforementioned via First Class, United States Mail, postage fully prepaid to the following:

**Cary C Jacobson**
THE DRAZIN LAW CENTER, P.A.
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044

**U.S. Trustee's Office**
101 W. Lombard St.
Suite 2625
Baltimore, MD 21201

**Brian A. Goldman**
Goldman & Goldman, P.A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, MD 21093

Michael A. McNeil "Pro Se"