# EXHIBIT A

**SO ORDERED**



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **MICHAEL A. McNEIL,** | ) | Case No. 12-18903-DER |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| **MICHAEL A. McNEIL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 12-0783-DER |
| | ) | |
| **STEPHEN A. DRAZIN,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO DISMISS
## COUNTS TWO AND THREE OF AMENDED COMPLAINT

The motion of Stephen A. Drazin to dismiss this adversary proceeding came on for hearing before this court on April 2, 2013. At the conclusion of the hearing, the court held this matter under advisement and requested that the parties file additional memoranda of law. The

court has considered the motion, the opposition, the memoranda of law, and the arguments made by the parties, and is prepared to rule on the motion.

The court has jurisdiction over this proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Local Rule 402 of the United States District Court for the District of Maryland. This proceeding is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(B), 157(b)(2)(I).

The debtor, Michael A. McNeil, represents himself in this adversary proceeding and in his related main bankruptcy case pending in this court.[1] On January 4, 2013, Michael McNeil filed an Amended Complaint against Stephen Drazin [Docket No. 14] (the "Amended Complaint"). With the consent of Stephen Drazin, the court granted judgment in favor of Michael McNeil on Count One of the Amended Complaint on January 14, 2013 [Docket No. 18]. In Count Two of the Amended Complaint, Michael McNeil seeks a determination that attorney's fees awarded to Stephen Drazin are not a "domestic support obligation" within the meaning of the definition in § 101(14A) of title 11 of the United States Code (the "Bankruptcy Code"). In Count Three, he seeks a determination that those fees are not excepted under § 523 of the Bankruptcy Code from the effect of the discharge granted to him by this court – that is, a determination that his debt to Stephen Drazin is dischargeable.

By his Motion to Dismiss Adversarial Action [Docket No. 17], Stephen Drazin seeks entry of an order dismissing Counts Two and Three of the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable here by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure) for failure to state a claim upon which relief can be granted. Drazin argues that Counts Two and Three should be dismissed under the doctrines of

---

[1] In re Michael Allan McNeil, Case No. 12-18903-DER.

~ 2 ~

res judicata or collateral estoppel by reason of this court's prior rulings in Michael McNeil's main bankruptcy case. For the reasons that follow, Counts Two and Three must be dismissed.

Although his bankruptcy case has precipitated much litigation in this court, many of the background facts and circumstances (including those relevant to this adversary proceeding and the pending motion) are not in dispute. Michael McNeil represents himself in a divorce action filed against him by Sarah McNeil in the Circuit Court for Howard County, Maryland (the "Circuit Court") docketed as McNeil v. McNeil, Case No. 13-C-08-075254 (the "Divorce Action"). Stephen Drazin is the attorney representing Sarah McNeil in the Divorce Action. The Circuit Court appointed V. Peter Markuski, Jr. to serve as the best interests attorney for the two minor children of Michael McNeil and Sarah McNeil. The Circuit Court entered a Judgment of Absolute Divorce on December 27, 2010 that granted Sarah McNeil a divorce from Michael McNeil and, among other things, ordered Michael McNeil to (i) pay alimony and child support to Sarah McNeil, and (ii) pay Sarah McNeil's attorney's fees and a portion of the fees of Peter Markuski as the best interest attorney for their children. By subsequent orders entered in the Divorce Action, the Circuit Court ordered Michael McNeil to pay additional fees to both Stephen Drazin and Peter Markuski.[2]

Michael McNeil filed a voluntary bankruptcy petition in this court on May 10, 2012 seeking relief under Chapter 13 of the Bankruptcy Code. Confirmation of his initial, amended, and second amended Chapter 13 plans was denied for primarily the same reasons, as summarized in this court's Order Denying Motion to Reconsider entered on November 5, 2012 [Main Case

---

[2] Michael McNeil has also filed a complaint in this court against Peter Markuski in which he seeks the same relief as that sought against Stephen Drazin in Counts Two and Three of the Amended Complaint filed in this adversary proceeding. See McNeil v. Markuski, Adversary Proceeding No. 12-00829. Peter Markuski filed a motion to dismiss that complaint on substantially the same grounds as those asserted here by Stephen Drazin. That motion also came on for hearing on April 2, 2013, and it will be ruled upon in a separate order.

~ 3 ~

Docket No. 143]. One of the crucial reasons the court denied confirmation of these plans was that Michael McNeil was not proposing to make payments sufficient to cure his pre-bankruptcy arrearages on domestic support obligations. After confirmation of his second amended plan was denied without leave to amend, Michael McNeil filed a motion to convert his case to one under Chapter 7 of the Bankruptcy Code [Main Case Docket No. 240].[3] The court entered an Order granting the debtor's motion on January 22, 2013.

Section 507(a)(1) specifies that domestic support obligations are entitled to treatment as priority claims. The term "domestic support obligation" is defined in § 101(14A) of the Bankruptcy Code to include a debt owed to or recoverable by a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative that is established by a separation agreement, divorce decree, property settlement agreement or order of a court of record. This adversary proceeding stems from Michael McNeil's continuing assertion that his obligation to pay the attorney's fees awarded to Stephen Drazin by the Circuit Court is not a domestic support obligation.

On September 11, 2012, Stephen Drazin filed a proof of claim in the main bankruptcy case that was docketed as Claim No. 5-1. In paragraph 5 of his proof of claim, Stephen Drazin asserted that his claim was a domestic support obligation entitled to treatment as a priority claim under § 507(a)(1) of the Bankruptcy Code. On September 24, 2012, Michael McNeil filed an objection to Claim No. 5-1 [Main Case Docket No. 80]. After Stephen Drazin filed a response [Main Case Docket No. 125], this court held an evidentiary hearing on November 7, 2012.

---

[3] The conversion of the main bankruptcy case from one under Chapter 13 to one under Chapter 7 does not impact the issues presented here. The definition of the term "domestic support obligation" in § 101(14A) applies in a case under any Chapter of the Bankruptcy Code. Moreover, the exception to discharge under § 523(a)(5) for a domestic support obligation applies to cases under Chapter 7 and Chapter 13 of the Bankruptcy Code. See 11 U.S.C. §§ 523(a).

~ 4 ~

Although he had not expressly done so in his objection papers, at the hearing Michael McNeil argued that the claim filed by Stephen Drazin is not a domestic support obligation. For the reasons stated on the record at the hearing,[4] the court entered an Order on November 15, 2012 [Main Case Docket No. 160] that sustained in part and overruled in part the objection to Claim No. 5-1. As stated in the Order, Claim No. 5 filed by Stephen Drazen was allowed, subject to amendment with respect to certain interest,[5] as "a domestic support obligation entitled to priority treatment under 11 U.S.C. § 507(a)(1)." Michael McNeil filed a timely Notice of Appeal with respect to that Order [Main Case Docket No. 178]. His appeal remains pending before the United States District Court for the District of Maryland as of the date of this order.[6]

When ruling on a Rule 12(b)(6) motion, "the Court must accept as true all well-pleaded allegations in the complaint, including all reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff." Hemelt v. Pontier (In re Pontier), 165 B.R. 797, 798 (Bankr. D. Md. 1994); see also Harrison v. Westinghouse Savannah River Co., 176 F.3d 776,

---

[4] Although Michael McNeil has contended otherwise before this court on numerous occasions, it is a well-settled matter of bankruptcy law that attorney's fees awarded in connection with a divorce, custody, or other domestic relations matter are a domestic support obligation within the meaning of § 101(14A) of the Bankruptcy Code and are entitled to treatment as a priority claim under § 507(a)(1). In re Silansky, 897 F.2d 743, 745 (4th Cir. 1990); Beaupied v. Chang (In re Chang), 163 F.3d 1138 (9th Cir. 1998); Miller v. Gentry (In re Miller), 55 F.3d 1487 (10th Cir. 1995); In re Dvorak, 986 F.2d 940 (5th Cir. 1993). The Court of Appeals of Maryland, interpreting federal bankruptcy law, has also held that "an award of attorney fees to a spouse in a divorce, custody, or support case has the same relationship to alimony or spousal support that an award of fees to a guardian ad litem for children has to child support." Klass v. Klass, 377 Md. 13, 22 (2003). The Court went on to state that most states consider attorney fees awarded to a spouse as spousal support and that bankruptcy courts have found such fees non-dischargeable under § 523 of the Bankruptcy Code. Id.

[5] In accordance with the court's ruling, Stephen Drazin filed an amended proof of claim on November 16, 2012 that was docketed as Claim No. 5-2.

[6] See McNeil v. Drazin, Civil Action No. 1:12-CV-03819-WDQ. Michael McNeil also appealed this court's order that overruled his objection to, and allowed as a domestic support obligation, Claim No. 3-3 filed by Peter Markuski. That appeal is also pending before the United States District Court for the District of Maryland. See McNeil v. Markuski, Civil Action No. 1:12-CV-03706-WDQ.

783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). "[A] complaint should not be dismissed 'merely because the court doubts that the plaintiff will ultimately prevail; so long as a plaintiff colorably states facts which, if proven, would entitle him to relief, the motion to dismiss should not be granted'." Advanced Health-Care Servs., Inc. v. Radford Cmty Hosp., 910 F.2d 139, 145 (4th Cir. 1990) (quoting Adams v. Bain, 697 F.2d 1213, 1216 (4th Cir. 1982)). However, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (brackets in original); see also, Ashcroft v. Iqbal, 556 U.S. 662 (2009). The pleadings must plausibly suggest that the plaintiff is entitled to relief. Bell Atl. Corp. v. Twombly at 557. In applying this standard, I am mindful that when a plaintiff represents himself (as is the case here) a court should afford some leniency to the pro se litigant regarding the form of his pleadings. McNeil v. United States, 508 U.S. 106 (1993). Considered under these standards, Counts Two and Three of the Amended Complaint do not state a claim on which relief can be granted and they must be dismissed.

The premise of Michael McNeil's argument is that (i) he made a fundamental procedural error when he chose to file an objection to Stephen Drazin's claim (which was treated as a contested matter) rather than to file a complaint (which would have commenced an adversary proceeding), and (ii) he is therefore now entitled to litigate again in this adversary proceeding the adverse result obtained in his prior contested matter. The answer to this argument is simple. Treatment of his objection to Stephen Drazin's claim as a contested matter was not a mistake

~ 6 ~

and, even if it was a mistake, Michael McNeil is not entitled to litigate again a prior adverse ruling which is now on appeal.

This court has already determined that the attorney's fees awarded to Stephen Drazin are a domestic support obligation entitled to treatment as a priority claim. Thus, Count Two must be dismissed. This is so not merely because this court denied confirmation of Michael McNeil's various plans because they failed to provide for payment of his domestic support obligations to Stephen Drazin and others, but also because the claim was determined to be a domestic support obligation when this court overruled Michael McNeil's objection to Stephen Drazin's claim.

The doctrines of res judicata and collateral estoppel preclude Michael McNeil from litigating in this adversary proceeding for a second time matters already decided by the bankruptcy court in earlier proceedings. First Union Commercial Corp. v. Nelson, Mullins, Riley and Scarborough (In re Varat Enterprises, Inc.), 81 F.3d 1310, 1314-1315 (4th Cir. 1996) (debtor was barred by res judicata from objecting to a claim after confirmation of debtor's plan); Federal Deposit Ins. Corp. v. Jones, 846 F.2d 221, 234-35 (4th Cir. 1988). See also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010) (finding that a plan confirmation order is res judicata as to the dischargeability of student loans).

The only issue raised in this adversary proceeding that has not already been decided is whether the fees that are the basis for Stephen Drazin's claim are dischargeable. It follows as a matter of law from the court's prior determination that Stephen Drazin's fees are a domestic support obligation entitled to treatment as a priority claim that those fees are not dischargeable and are excepted under § 523(a)(5) of the Bankruptcy Code as domestic support obligations from the effect of the discharge granted to Michael McNeil.[7]

---

[7] Michael McNeil was granted a Chapter 7 discharge on May 3, 2013 [Main Case Docket No. 292].

Finally, there is no merit to Michael McNeil's contention that the motion to dismiss must be denied because these issues should have been decided in an adversary proceeding after he was afforded an opportunity to take discovery. The determination that is decisive here is the prior ruling that Stephen Drazin's claim is a domestic support obligation entitled to treatment as a priority claim. That decision was the result of litigation commenced by Michael McNeil's objection to Stephen Drazen's claim. A claim objection proceeding is a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure in which the rules permitting discovery are applicable. Gentry v. Siegel, 668 F.3d 83, 92 (4th Cir. 2012). As pointed out by Stephen Drazin, the requirement that the dischargeablity of a claim be determined in an adversary proceeding is intended to provide procedural due process protections to the defendant in the adversary proceeding. Petroff v. United States (In re Petroff), 2006 Bankr. LEXIS 2338, *3 (Bankr. D. Md. 2006) (citing Hamlet v. Ocwen Fed. Bank, FSB, 286 B.R. 835, 838 (Bankr. W.D. Va. 2002)). In any event, nothing precludes application of the doctrines of res judicata or collateral estoppel at this stage in this adversary proceeding with respect to matters already litigated between these parties in the main bankruptcy case.

For the above reasons, I conclude that Counts Two and Three of the Amended Complaint fail to state a claim upon which relief can be granted and must be dismissed.

NOW, THEREFORE, it is, by the United States Bankruptcy Court for the District of Maryland, sitting at Baltimore,

ORDERED, that Counts Two and Three of the Amended Complaint should be, and they hereby are, DISMISSED.

cc: Plaintiff – Michael A. McNeil
Defendant's Counsel – Cary C. Jacobson, Esq.
Chapter 7 Trustee – Brian A. Goldman

~ 8 ~

Assistant U.S. Trustee – Mark A. Neal, Esq.

-- END OF ORDER --