IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

IN RE: MICHAEL ALLAN MCNEIL　　　　*

MICHAEL ALLAN MCNEIL,　　　　　　　*

　　Appellant,　　　　　　　　　　　*

　　　　v.　　　　　　　　　　　　　* CIVIL NO.: WDQ-13-2569

V. PETER MARKUSKI, JR.,　　　　　 *

　　Appellee.　　　　　　　　　　　*

* * * * * * * * * * * * *

MICHAEL ALLAN MCNEIL,　　　　　　　*

　　Appellant,　　　　　　　　　　　*

　　　　v.　　　　　　　　　　　　　* CIVIL NO.: WDQ-13-2788

STEPHEN A. DRAZIN,　　　　　　　　 *

　　Appellee.　　　　　　　　　　　*

* * * * * * * * * * * * *

ORDER

Michael Allan McNeil, *pro se*, moves to proceed *in forma pauperis* in these bankruptcy appeals. ECF Nos. 5 (Drazin),[1] 7 (Markuski).[2]

---

[1] The designation "Drazin" refers to the docket in case number WDQ-13-2788.

[2] The designation "Markuski" refers to the docket in case number WDQ-13-2569.

McNeil seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), which permits persons to litigate suits, including appeals, "without prepayment of fees or security therefor" if he "is unable to pay such fees or give security therefor." Whether to grant such a motion is within the discretion of this Court. *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). "The district court's discretion is limited to a determination of the applicant's poverty, good faith, and the meritorious character of the claim." *Clarke v. Richmond Behavioral Health Auth.*, 402 F. App'x 764, 766 (4th Cir. 2010) (citing *id.*). To determine if the movant is indigent, courts consider factors such as: (1) would the litigant otherwise be barred from the courts because of his impecunity, (2) would imposition of an undue hardship block access to the courts, and (3) would he be "forced to contribute his last dollar, or render himself destitute, to prosecute his claim?"[3]

Although McNeil has significant debt--primarily domestic support obligations--he also has an annual income of more than $120,000. See ECF Nos. 5-1 at 1-5 (Drazin), 7-1 at 1-5 (Markuski). He contends that he is entitled to proceed *in forma pauperis* because his income is exceeded by his expenses,

---

[3] *Robinson v. McHugh*, C/A No. 3:12-1146-MBS-SVH, 2010 WL 3780300, at *2 (D. Sc. Aug. 6, 2012) (quoting *Carter v. Telectron*, 452 F. Supp. 939, 943 (S.D. Tex. 1976)).

rendering him destitute.[4]  See, e.g., ECF No. 5 at 3-4 (Drazin). McNeil's substantial income indicates that he has sufficient resources to pay the filing fee, and denial of the motion to proceed in forma pauperis would not deny him access to the courts or require him to "contribute his last dollar."[5]  See Robinson, 2010 WL 3780300, at *2; cf. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988) (affirming denial of motion to proceed in forma pauperis, because appellant had an annual income of $20,000). The motions to proceed in forma pauperis will be denied.

---

[4] McNeil also has substantial assets. He owns a 2006 Honda Civic worth $3,000 and a 2000 Honda Odyssey, valued at $5,020. ECF Nos. 5-1 at 3 (Drazin), 7-1 at 3 (Markuski). He also has more than $200,000 in a Fidelity account frozen by an order of the Circuit Court for Howard County, Maryland. ECF Nos. 5-1 at 2 (Drazin), 7-1 at 3 (Markuski).

[5] When the Court recently denied his motion to proceed in forma pauperis in another case, McNeil promptly paid the filing fee. See McNeil v. Fed. Network Sys, LLC, No. WDQ-13-1501.

Accordingly, it is this 11th day of October, 2013, ORDERED that:

1. McNeil's motions to proceed *in forma pauperis*, (ECF No. 5 (Drazin); ECF No. 7 (Markuski)), BE, and HEREBY ARE, DENIED;

2. McNeil shall pay the filing fees within 30 days of the date of this Order. Failure to pay may result in the dismissal of the appeals; and

3. The Clerk of the Court shall send copies of this Order to the parties.

William D. Quarles, Jr.
United States District Judge