IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| MICHAEL ALLEN MCNEIL, | * |
| Appellant, | * |
| v. | * CIVIL NO.: WDQ-13-2569 |
| V. PETER MARKUSKI, JR., *et al.*, | * (Consolidated) |
| Appellees. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

|  |  |
|---|---|
| MICHAEL ALLEN MCNEIL, | * |
| Appellant, | * |
| v. | * CIVIL NO.: WDQ-13-2788 |
| STEPHEN A. DRAZIN, | * |
| Appellee. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Michael Allen McNeil, *pro se*, appealed the final orders
entered on July 30, 2013[1] and July 31, 2013[2] by the United States
Bankruptcy Court for the District of Maryland (the "Bankruptcy
Court"), dismissing adversary proceedings on grounds of res

---

[1] ECF No. 1 (Markuski). The designation "Markuski" refers to the
docket in case number WDQ-13-2569.

[2] ECF No. 1 (Drazin). The designation "Drazin" refers to the
docket in case number WDQ-13-2788.

judicata and collateral estoppel.[3]  *See* ECF Nos. 1-1 (Markuski),
1-7 (Drazin).  For the following reasons, the Bankruptcy Court's
orders will be affirmed.

I. Background[4]

On December 27, 2010, following a highly contentious,
prolonged trial in the Circuit Court for Howard County (the
"Circuit Court"), McNeil's wife Sarah McNeil was granted a
divorce.  *See* ECF Nos. 1-1 at 3, 1-23 at 2, 1-24 at 23-24
(Markuski).  During the divorce litigation, V. Peter Markuski,
Esquire, was appointed to represent the best interests of the
couple's two minor children.  *See* ECF No. 1-1 at 3 (Markuski).
Mrs. McNeil was represented in the divorce litigation by Stephen
Drazin, Esquire.  *Id.*

At the conclusion of the divorce litigation, the Circuit
Court awarded Mrs. McNeil, *inter alia*, $3,000 per month in
alimony payments for five years, $1,051 per month in child

---

[3] Although McNeil's appeals have been consolidated under docket
number WDQ-13-2569 at his request, in reaching its decision, the
Court has considered all filings made in both of the original
docketed appeals (WDQ-13-2569 and WDQ-13-2788).  Accordingly,
McNeil's motion for a clarification order--which asks the Court
to issue an order indicating whether it will consider the briefs
filed in both appeals--will be denied as moot.  ECF No. 15.

[4] The Court presents a summarized version of the facts in this
case for purposes of resolving this appeal.  For a fuller
explanation of the events that preceded this appeal, see the
Court's previous opinion, *McNeil v. Drazin*, 499 B.R. 484, 486
(D. Md. 2013) *appeal dismissed*, 13-2269, 2014 WL 1244921 (4th
Cir. Mar. 27, 2014).

support, and a portion of her attorney's fees, payable to Drazin directly. *See* ECF Nos. 1-1 at 3, 1-24 at 36 (Markuski). The Circuit Court apportioned Markuski's fees between the couple-- 60% to McNeil and 40% to Mrs. McNeil. *See* ECF No. 1-24 at 19 (Markuski). The Circuit Court later ordered McNeil to pay additional fees to Drazin and Markuski in the ongoing litigation following the divorce. *See* ECF No. 1-1 at 3 (Markuski).

On May 10, 2012, after the divorce was granted but before the conclusion of McNeil's several other related appeals, motions, and lawsuits, McNeil filed for Chapter 13 bankruptcy. *See id.* at 3-4. On July 16, 2012, Markuski filed a proof of claim for $47,936 in attorney's fees. *Id.* at 4. On August 16, 2012, Markuski filed a contingent proof of claim for $18,102 in attorney's fees, later reduced to $9,964. *See id.* at 4-5; ECF No. 8 at 6 (Markuski). On July 31 and September 4, 2012, McNeil objected to Markuski's claims. *See* ECF No. 1-1 at 5-6 (Markuski). On September 11, 2012, Drazin filed a proof of claim for $60,604 in attorney's fees. ECF Nos. 1-7 at 4 (Drazin), 1-1 at 1 (WDQ-12-3819). On September 24, 2012, McNeil objected to Drazin's claim. ECF No. 1-7 at 4 (Drazin)

On September 25, 2012, the Bankruptcy Court conducted a hearing on McNeil's objections to Markuski's claims, and Mrs. McNeil's, Markuski's, and the Bankruptcy Trustee's objections to

McNeil's proposed Chapter 13 plan.[5]  ECF Nos. 1-1 at 5-6, 1-24 at
1-2 (Markuski).  At the hearing, the Bankruptcy Court held that:
(1) McNeil could not reduce his alimony commitments through the
Bankruptcy Court, only through the Circuit Court; and (2)
Markuski's fee awards were priority "domestic support
obligations" under 11 U.S.C. § 101(14A) of the Bankruptcy Code
and accordingly were not dischargeable in bankruptcy.  *See* ECF
Nos. 1-1 at 5, 1-24 at 28-30 (Markuski); 11 U.S.C. § 523(a)(5).
The Bankruptcy Court also denied confirmation of McNeil's plan
with leave to amend.[6]  *See* ECF No. 1-24 at 47 (Markuski).  On
November 7, 2012, the Bankruptcy Court conducted a hearing on
McNeil's objections to Drazin's claim.  ECF No. 1-7 at 4-5
(Drazin).  The Bankruptcy Court held that Drazin's fee award was
also a "domestic support obligation" under § 101.  *See id.* at 5
& n.4.

   On November 19 and 29, 2012, McNeil appealed the decisions
of the Bankruptcy Court on the following grounds: (1) the
Bankruptcy Court incorrectly characterized Markuski's and

---

[5] They objected to the proposed plan, because it: (1) purported
to decrease McNeil's monthly payments for alimony; and (2) did
not provide for full payment of Markuski's fees, or support
arrearages, over the five-year life of the plan.  *See* ECF No. 1-
24 at 33-34, 46-47 (Markuski).

[6] The Court later denied McNeil's second proposed Chapter 13 plan
without leave to amend.  *See* ECF No. 1-1 at 3-4 (Markuski).  On
January 22, 2013, the Court converted his bankruptcy to Chapter
7.  *Id.* at 4.  On May 3, 2013, he was granted a Chapter 7
discharge.  *Id.* at 7 n.7; ECF No. 1-3 at 35 (Markuski).

Drazin's fee awards as domestic support obligations; and (2) the Bankruptcy Court did not determine the nature and validity of the fee awards during adversary proceedings, as required by Rule 7001 of the Federal Rules of Bankruptcy Procedure. *See McNeil*, 499 B.R. at 488.

On December 6, 2012, and January 4, 2013, McNeil filed adversary proceeding complaints in the Bankruptcy Court seeking, *inter alia*, determinations that Markuski's and Drazin's claims were not domestic support obligations (count two) and could be discharged in bankruptcy (count three).[7]  ECF Nos. 1-5 at 7-8 (Markuski), 1-1 at 6-7 (Drazin).  On July 30 and 31, 2013--on Markuski's and Drazin's motions and after hearings--the Bankruptcy Court dismissed the adversary complaints on res judicata and collateral estoppel grounds.  *See* ECF Nos. 1-1 (Markuski), 7-1 (Drazin).  In opposing the motions to dismiss, McNeil again argued that Rule 7001 requires that the Bankruptcy

---

[7] Count one of McNeil's complaint against Markuski asserted that Markuski had falsely contended that his claims were secured. *See* ECF No. 1-5 at 6 (Markuski).  In dismissing this count, the Bankruptcy Court noted that it had already determined that Markuski's claim was secured.  *See* ECF No. 1-1 at 7 (Markuski). The Bankruptcy Court made this ruling during the September 25, 2012 hearing, and McNeil did not challenge it in his first appeal.  ECF Nos. 1-21, 1-24 at 29 (Markuski); ECF Nos. 1-1, 4 at 4 (WDQ-12-3706).  Count one of McNeil's complaint against Drazin sought avoidance of a judicial lien as a preferential transfer.  ECF No. 1-1 at 5 (Drazin).  The Bankruptcy Court granted this relief to McNeil with Drazin's consent, and McNeil does not challenge this order in this appeal.  *See* ECF No. 1-4 at 2 (Drazin).

Court determine the validity, priority, extent, and dischargeability of a debt through an adversary proceeding-- rather than a contested matter.[8]  *See* ECF No. 1-11 (Markuski); Rule 7001(2), (6).  However, the Bankruptcy Court held that "[t]reatment of [McNeil's] objections to [Drazin's and Markuski's] claims as a contested matter was not a mistake, and, even it if was a mistake, [McNeil] is not entitled to litigate again a prior adverse ruling which is now on appeal."  ECF Nos. 1-1 at 7 (Markuski), 1-7 at 6-7 (Drazin).

On August 13 and 18, 2013, McNeil filed notices of appeal of the Bankruptcy Court's dismissals of his adversary complaints.  ECF Nos. 1 (Markuski), 1 (Drazin).  On September 23 and 25, 2013, McNeil filed his briefs.[9]  ECF Nos. 5-2 (Markuski), 4 (Drazin).  On September 23 and 25, 2013, McNeil moved to certify his appeal of the dismissal of his complaints directly

---

[8] In a contested matter, "relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."  Fed. R. Bankr. P. 9014.

[9] The appeals were docketed on September 4 and 5, 2013.  Rule 8006 of the Federal Rules of Bankruptcy Procedure requires the appellant to file his brief 14 days after his appeal is docketed--here September 18 and 19, 2013.  The Court will grant McNeil's unopposed motion for an extension of time to file his brief--which was attached to his motion--in the Markuski appeal. ECF No. 5.  Drazin has moved to dismiss McNeil's appeal on grounds that he did not timely file his brief.  ECF No. 6. Because the Court will affirm the Bankruptcy Court's orders challenged by McNeil, *see infra* Section II.C, Drazin's motion will be denied as moot.

to the Fourth Circuit. ECF Nos. 6 (Markuski), 3 (Drazin). On October 7, 2013, Markuski filed his brief. ECF No. 8 (Markuski).

On October 10, 2013, this Court affirmed the September 25 and November 7, 2012 rulings of the Bankruptcy Court, holding that the Bankruptcy Court's failure to determine the validity, priority, extent, and dischargeability of the fee awards in an adversary proceeding was harmless error,[10] and that Drazin's and Markuski's fee awards were domestic support obligations under § 101. *See McNeil*, 499 B.R. at 490-91. McNeil appealed this Court's order affirming the Bankruptcy Court. On March 27, 2014, the Fourth Circuit affirmed and dismissed the appeal "for the reasons stated by the district court." *McNeil v. Markuski*, 13-2269, 2014 WL 1244921 (4th Cir. Mar. 27, 2014).

II. Analysis

A. Standard of Review

A district court reviews a bankruptcy court's findings of fact for clear error; conclusions of law are reviewed *de novo*. *Nesse v. IRS of the United States,* 305 B.R. 645, 647 (D. Md. 2004) (*citing Canal Corp. v. Finnman,* 960 F.2d 396, 399 (4th Cir. 1992); *Traveler's Ins. Co. v. Bryson Prop., XVIII,* 961 F.2d

---

[10] The Court held that the error was harmless, because McNeil was given due process--notice and an opportunity to be heard on the relevant issues--during the Bankruptcy Court's hearings. *McNeil*, 499 B.R. at 489-90.

496, 499 (4th Cir. 1992)). The reviewing court may affirm an order of the bankruptcy court on any ground apparent from the record. *In re Wiencko*, 99 F. App'x 466, 469 (4th Cir. 2004) (*citing Helvering v. Gowran*, 302 U.S. 238, 245, 58 S. Ct. 154, 158, 82 L. Ed. 224 (1937) ("In the review of judicial proceedings the rule is settled that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason.")); *Parkside Vill., LLC v. United Bank*, 5:10CV00008, 2010 WL 2326521, at *2 (W.D. Va. June 8, 2010).

B. Certification

Under 28 U.S.C. § 158, this Court may certify an appeal of a bankruptcy court order directly to the Fourth Circuit if:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken[.]

§ 158(d)(2)(A); *Daimlerchrysler Fin. Servs. Americas, L.L.C. v. Waters*, CIV.A. 5:07CV00057, 2007 WL 2107428, at *1-*2 (W.D. Va. July 18, 2007).

McNeil contends that this appeal should be certified, because there is no controlling decision from the Fourth Circuit

or the Supreme Court on the issue of whether the

"discharge[e]ability, priority, or extent of a [lien]" can be

determined--under Rule 7001--without an adversary proceeding.

*See* ECF Nos. 6 at 2 (Markuski), 3 at 2 (Drazin).  This Court has

already held that the Bankruptcy Court's failure to hold an

adversary proceeding was harmless error, and the Fourth Circuit

affirmed this ruling.  Accordingly, as the Fourth Circuit has

already considered and rejected McNeil's position, the motions

to certify will be denied as moot.

C. Law of the Case

The law of the case[11] doctrine "posits that when a court

decides upon a rule of law, that decision should continue to

govern the same issues in subsequent stages in the same case."

*United States v. Quattlebaum*, 423 F. App'x 332, 333 (4th Cir.

2011) (*quoting United States v. Aramony*, 166 F.3d 655, 661 (4th

Cir. 1999) (internal quotations omitted)).  Under the doctrine:

> [once the] decision of an appellate court establishes
> the law of the case, it must be followed in all

---

[11] The Court may raise this law of the case issue *sua sponte*.
*See Maxfield v. Cintas Corp., No. 2*, 487 F.3d 1132, 1134-35 (8th
Cir. 2007); *United States v. Matthews*, 643 F.3d 9, 12 n.2 (1st
Cir. 2011); *cf. Arizona v. California*, 530 U.S. 392, 412, 120 S.
Ct. 2304, 2318, 147 L. Ed. 2d 374 *supplemented*, 531 U.S. 1, 121
S. Ct. 292, 148 L. Ed. 2d 1 (2000) ("[I]f a court is on notice
that it has previously decided the issue presented, the court
may dismiss the action *sua sponte* . . . .  This result is fully
consistent with the policies underlying res judicata: it is not
based solely on the defendant's interest in avoiding the burdens
of twice defending a suit, but is also based on the avoidance of
unnecessary judicial waste.") (internal quotations omitted).

subsequent proceedings in the same case in the trial
court or on a later appeal[,] unless: (1) a subsequent
trial produces substantially different evidence, (2)
controlling authority has since made a contrary
decision of law applicable to the issue, or (3) the
prior decision was clearly erroneous and would work
manifest injustice.

*Aramony*, 166 F.3d at 661 (*quoting Sejman v. Warner-Lambert Co.*,

845 F.2d 66, 69 (4th Cir. 1988) (internal quotations omitted)).

The power to reverse the law of the case on a subsequent appeal

may be exercised only in "'the most unusual circumstances.'"

*Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291,

304 (4th Cir. 2000) (*quoting Maryland Cas. Co. v. City of South*

*Norfolk,* 54 F.2d 1032, 1039 (4th Cir. 1932)).

The sole issue in these appeals is whether the Bankruptcy

Court erred in dismissing those counts of McNeil's complaints

that sought a determination of the validity, priority, extent,

and dischargeability of Drazin's and Markuski's fee awards

through an adversary proceeding. *See* ECF Nos. 5-2 at 5

(Markuski), 4 at 13 (Drazin). Although the Bankruptcy Court

dismissed McNeil's claims on preclusion grounds, this Court--in

a previous opinion--held that the Bankruptcy Court's failure to

decide those issues in an adversary proceeding was harmless

error and did not deprive the Bankruptcy Court of jurisdiction.

The Court also held that Markuski's and Drazin's fee awards are

domestic support obligations--priority claims not dischargeable

in bankruptcy.  These rulings have been affirmed on appeal by
the Fourth Circuit and are now the law of the case.[12]

None of the exceptions to the law of the case doctrine
applies here.  Although McNeil argues at length in his briefs
that the trial court erred in failing to hold an adversary
proceeding, the briefs merely repeat his arguments from the
first appeal.  *See, e.g.*, ECF Nos. 5-2 at 15-17 (Markuski), 6 at
7-9 (WDQ-12-3706).  The Bankruptcy Court's orders must be
affirmed.[13]

---

[12] To the extent that McNeil also seeks review of the dismissal
of Count one of his complaint against Markuski, the dismissal
will be affirmed, because McNeil did not challenge on appeal the
Bankruptcy Court's ruling that Markuski's claim was secured.
*See Odetics, Inc. v. Storage Tech. Corp.*, 14 F. Supp. 2d 800,
805 (E.D. Va. 1998) *aff'd,* 185 F.3d 1259 (Fed. Cir. 1999)
(*citing Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*,
810 F.2d 243, 250 (D.C. Cir, 1987) ("Under law of the case
doctrine, a legal decision made at one stage of litigation,
unchallenged in a subsequent appeal when the opportunity to do
so existed, becomes the law of the case for future stages of the
same litigation, and the parties are deemed to have waived the
right to challenge that decision at a later time.")).

[13] Although McNeil characterizes this appeal as a challenge to
the Bankruptcy Court's determination that his adversary
proceeding complaints were barred by res judicata, he actually
seeks yet another review of whether Drazin's and Markuski's fee
awards are domestic support obligations.  The Bankruptcy Court,
this Court, and the Fourth Circuit have determined that the fee
awards are domestic support obligations, and that the Bankruptcy
Court does not need to hold an adversary proceeding to
reconsider that question.  The Court cautions McNeil that if he
attempts to relitigate these same questions again before this
Court, the Court will consider imposing significant monetary
sanctions to discourage the waste of judicial resources.

III. Conclusion

For the reasons stated above, the Bankruptcy Court's orders will be affirmed.

_7/31/14_
Date

William D. Quarles, Jr.
United States District Judge